Citation Nr: AXXXXXXXX
Decision Date: 10/29/21 Archive Date: 10/29/21

DOCKET NO. 210617-166950
DATE: October 29, 2021

REMANDED

Entitlement to special monthly compensation based on aid and attendance is remanded.

REASONS FOR REMAND

The Veteran served on active duty from June 1965 to July 1968.

Following an April 2021 rating decision, the Veteran timely filed a notice of disagreement and requested evidence submission review by a Veterans Law Judge (VLJ) under the Appeals Modernization Act (AMA) review system. 84 Fed. Reg. 138, 177 (Jan. 18, 2019) (codified at 38 C.F.R. § 19.2(d)). 

Entitlement to special monthly compensation based on aid and attendance is remanded.

The Veteran believes that special monthly compensation based on aid and attendance is warranted. See June 2021 Correspondence. The Board notes that a claim for aid and attendance is a claim for increased compensation. 

When the record does not adequately reveal the current state of a veteran's disability, a VA examination must be conducted before the claim can be fairly adjudicated. See Schafrath v. Derwinski, 1 Vet. App. 589, 595 (1991); Proscelle v. Derwinski, 2 Vet. App. 629 (1992). The fulfillment of the statutory duty to assist requires a thorough and contemporaneous medical examination in such a situation. See Caluza v. Brown, 7 Vet. App. 498, 505-06 (1995).

Concerning aid and attendance, the Board finds that the record does not adequately reveal the current state of all the Veteran's service-connected disabilities. For example, among other things, the record is absent of any meaningful mention of the Veteran's service-connected undifferentiated somatoform disorder with personality disorder for many years. Additionally, the last examination for the Veteran's service-connected hearing loss and tinnitus took place years ago. With the record being absent concerning the current state of all the Veteran's service-connected disabilities, the claim for aid and attendance cannot currently be fairly adjudicated. 

Therefore, a remand is needed for a VA examination.

The matter is REMANDED for the following action:

Schedule one or more appropriate VA examinations to determine the need for aid and attendance due to the current state of the Veteran's service-connected disabilities. Following a review of the claims file and a copy of this Remand, the reviewing examiner is requested to furnish an opinion with respect to the following: 

(A) At any point during the appeal period (i.e. since April 2021), has the Veteran been unable to dress or undress or has the Veteran been unable to keep ordinarily clean and presentable? 

(B) At any point during the appeal period, has the Veteran required frequent adjustment of any special prosthetic or orthopedic appliances, which by reason of service-connected disabilities, cannot be done without aid? 

(C) At any point during the appeal period, has the Veteran been unable to feed himself through loss of coordination of upper extremities or through extreme weakness, or has the Veteran been unable to attend to the wants of nature? 

(D) At any point during the appeal period, has the Veteran had incapacity, physical or mental, that required care or assistance on a regular basis to protect him from hazards or dangers incident to his daily environment? 

(E) At any point during the appeal period, has the Veteran had any disability or disabilities requiring him to remain in bed? 

If the answer is yes to any of the above, the examiner is requested to furnish an opinion with respect to the following: 

(F) For each service-connected disability, is it at least as likely as not (a 50 percent or greater probability) that the service-connected disability alone causes/caused any of the above? If yes, which of the above?

(G) The examiner should also state which combinations of service-connected disabilities at least as likely as not (a 50 percent or greater probability) cause/caused any of the above and list which of the above apply. 

In addition to the other relevant evidence of record, the examiner is asked to consider the following information with a caution that this list is not a substitute for a review of the record: 

(1) A record showing the Veteran's service-connected disabilities. See April 2021 Rating Decision Codesheet. 

(2) A record showing lay reports of the Veteran's need for aid and attendance. See June 2021 Correspondence.

(3) A medical record showing the Veteran's need for help with activities of daily living and other things. See June 2021 Medical Treatment Record.

(4) A record showing lay reports of the Veteran's need for aid and attendance and a doctor's signature agreeing that there is a need for aid and attendance. Id.

(5) Medical records showing the Veteran's belief that his service-connected rib disability is a reason for needing assistance. See April 2021 CAPRI.

(6) A medical examination for aid and attendance. See April 2021 VA 21-2680.

(7) All other relevant lay and medical evidence. 

A complete rationale for all opinions offered should be provided. Address the Veteran's documented history and assertions. 

All necessary tests and studies should be conducted. If the examiner cannot provide an opinion without resorting to mere speculation, the examiner should provide an explanation stating why. In so doing, the examiner should explain whether the inability to provide a more definitive opinion is due to the limits of the medical community's knowledge or due to the limits of the examiner's medical knowledge. 

The Veteran and others are competent to attest to factual matters of which they have first-hand knowledge, including observable symptomatology. If there is a medical basis to support or doubt the history provided by the Veteran and/or others, the examiner should provide a fully reasoned explanation. 

 

 

MARJORIE A. AUER

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board A. Dougan, Associate Counsel

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.